NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HAFNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 23-22108 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), filed by *pro se* Plaintiff Eric Hafner ("Plaintiff"), along with a Complaint, ("Compl.," ECF No. 1). For the reasons set forth below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** the Complaint.

I.　**BACKGROUND**

　　Plaintiff, a prisoner currently incarcerated at FCI Otisville in New York, is a serial litigant in federal courts across the country. In May 2022, he pleaded guilty in the United States District Court for the District of New Jersey to one count of transmission of threats in interstate or foreign commerce (18 U.S.C. 875(c)), one count of transmission of interstate communications with intent to extort (18 U.S.C. 875(b)), and one count of conveying false information concerning the use of an explosive device (18 U.S.C. 844(e)). *See USA v. Hafner*, Crim. Case No. 19-00790, ECF No. 229 at 1. He was ultimately sentenced to a 240-month term of imprisonment. (*Id.* at 2.) The Bureau of Prisons website indicates Plaintiff's scheduled release date is October 12, 2036. *See* https://www.bop.gov/inmateloc (last visited December 18, 2024).

Plaintiff appears to be spending his time incarcerated challenging the constitutionality of various state laws across the country. For example, Plaintiff filed a lawsuit in the United States District Court for the District of New Mexico "to challenge the constitutional validity of New Mexico's ballot requirements for candidates for [the] United States House of Representatives." *Hafner v. Grisham*, No. 23-01151, 2024 WL 2832916, at *1 (D.N.M. June 4, 2024) (dismissing complaint for failure to state a claim and lack of standing). The District Court of New Mexico also noted Plaintiff "filed similar litigation in multiple federal district courts across the country claiming to be a candidate for congressional races in at least seven other states." *Id.* at 2 (collecting cases). He has also petitioned the United States District Court for the District of Montana to declare a proposed bill regulating the app "TikTok" "unlawful and unconstitutional." *Hafner v. State*, No. 23-82, 2024 WL 2723958, at *1 (D. Mont. May 28, 2024) (dismissing complaint for lack of standing).

Plaintiff now comes before this Court challenging the constitutionality of N.J.S.A. § 2C:24-4(a)(1), which states:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.

§ 2C:24-4(a)(1). More specifically, Plaintiff alleges he is "a young man in his early 30s, who enjoys having consensual sexual relations with beautiful teenage women over the age of 16" and "fears facing felony criminal charges for consensual sex with young women over 16, but not yet 18" under § 2C:24-4(a)(1). (Compl. at 2.) He appears to argue that the phrase "impair or debauch the morals" of a child is so vague that the statute is void for vagueness, (*see id.* at 3), and that the statute is otherwise unconstitutional under the First Amendment, the Fourteenth Amendment, and

2

the Dormant Commerce Clause. (*Id.* at 14.) He seeks "a declaration that the law itself is unconstitutional, as well as preliminary and permanent injunctive relief prohibiting its enforcement." (*Id.* at 1.)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. The application's Affidavit of Poverty indicates that at the time of the filing of the Complaint, Plaintiff was incarcerated at Essex County Correctional Facility in New Jersey and had no income or assets.[1] (IFP at 1–5.) Plaintiff also attached to his application a certified inmate account statement from Essex County Correctional Facility. (*Id.* at 6–26.) The account statement summary shows that as of the time of the filing of the Complaint, Plaintiff had $0.09 in his inmate account. (*Id.* at 6.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint

---

[1] Plaintiff has since informed the Court he has been transferred to FCI Otisville in Otisville, New York. (ECF No. 6.)

3

should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III.    DISCUSSION

#### A. *IN FORMA PAUPERIS* APPLICATION

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). Prisoners are additionally required to submit "a certified copy of [a] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2).

Plaintiff's certified inmate account statement indicates that Plaintiff had only $0.09 in his inmate account at the time of the filing of the Complaint. (IFP at 6.) The Court finds that this demonstrates that Plaintiff is unable to pay the filing fee for this matter. Therefore, Plaintiff has pled his circumstances with sufficient particularity for the Court to **GRANT** Plaintiff's *in forma pauperis* application.

#### B. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint.[2] The Court may dismiss any claims that are "(1) . . .

---

[2] Beyond the Court's concerns with the merits of Plaintiff's Complaint, the Court notes its concern that Plaintiff does not have standing to bring his pre-enforcement constitutional challenge to § 2C:24-4(a)(1). "When a plaintiff brings a pre-enforcement challenge to a criminal statute . . . the plaintiff will have standing to challenge the law by showing that: (1) he or she intends to engage in conduct 'arguably affected with a

4

frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff seeks to have § 2C:24-4(a)(1) declared unconstitutional "both on its face and as it may be applied to Plaintiff." (Compl. at 1.) However, there is a "strong presumption that lawfully enacted statutes are valid." *Amaya v. New Jersey*, 766 F. Supp. 2d 533, 538 (D.N.J. 2011) (citing *I.N.S. v. Chadha*, 462 U.S. 919, 944 (1983)). "A vagueness challenge may invalidate a criminal statute on two independent grounds: (1) [the statute] may fail to provide adequate notice that will enable ordinary people to understand what conduct it prohibits; and (2) [the statute] may authorize or encourage arbitrary and discriminatory enforcement." *Id.* Further, "a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits . . ." *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (quoting *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03 (1966)).

---

constitutional interest,' (2) the conduct is 'proscribed by a statute,' and (3) 'there exists a credible threat of prosecution thereunder.'" *Koons v. Platkin*, 673 F. Supp. 3d 515, 581 (D.N.J. 2023) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). Here, while Plaintiff alleges he "enjoys having consensual sexual relations with beautiful teenage women over the age of 16," (Compl. at 2), his intent to engage in such conduct must be called into question given that he is currently incarcerated until the year 2036, he has not alleged an intent to return to New Jersey upon his release, and moreover, there is no credible prospect or threat of prosecution for the foreseeable future, at the very least. Accordingly, the Court believes Plaintiff faces serious and likely fatal obstacles with respect to his standing to bring a constitutional challenge here. *See Nat'l Shooting Sports Found. v. Att'y Gen. of New Jersey*, 80 F.4th 215, 219 (3d Cir. 2023) ("Even in constitutional cases, there is no 'unqualified right to pre-enforcement review.'" (quoting *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 537–38 (2021))).

5

Plaintiff's void-for-vagueness challenge to § 2C:24-4(a)(1) appears to be two-fold. *First*, Plaintiff appears to be concerned that while "the age of consent for sex is generally sixteen" in New Jersey, (Compl. at 3), § 2C:24-4(a)(1) defines a "child" as "any person under 18 years of age." § 2C:24-4(b)(1). Thus, Plaintiff argues, "[i]n this bizarre world, a person who has consensual sex with someone over 16, but under 18—and physically mature—can be charged if the sexual conduct 'would impair or debauch the morals,' of the young adult they have [had] consensual sex with." (Compl. at 3.) The Court finds that this entire line of argument has nothing to do with whether § 2C:24-4(a)(1) meets either criterion for being invalidated on void-for-vagueness grounds, as § 2C:24-4(a)(1) clearly defines who is considered a "child" under the statute. *See Amaya*, 766 F. Supp. 2d at 538. Plaintiff's concerns as to the statute's definition of "child" in light of the age of consent do nothing to suggest § 2C:24-4(a)(1) is impermissibly vague.

*Second*, Plaintiff argues that the phrase "impair or debauch the morals" of a child is impermissibly vague. (Compl. at 3.) Plaintiff asks, "[w]hat does this term mean? No one can answer this question! There is no definition!" (*Id.*) On this point, the Court finds persuasive the New Jersey Appellate Division case, *State v. Alcantara*, No. A-5199-17T1, 2020 WL 5988549 (N.J. Super. Ct. App. Div. Oct. 9, 2020). There, the Appellate Division "recognize[d] that the Legislature provided no great specificity about what was being criminalized by N.J.S.A. 2C:24-4(a) beyond the general description contained in the statute itself." *Id.* at *2. However, "the absence of greater definition does not render this statute impermissibly vague." *Id.* Rather, the Appellate Division observed that the New Jersey Supreme Court "has held that juries are 'well-equipped' to find the statute's 'sexual conduct' element, as well as the 'impair/debauch' element, by drawing on their own knowledge, experience and common sense." *Id.* (citing *State v. Hackett*, 166 N.J. 66, 81–82 (N.J. 2001)). The Appellate Division went on to state:

6

> Adhering to this approach, courts have held that N.J.S.A. 2C:24-4(a) permissibly criminalizes a variety of conduct constituting neither a sexual assault nor sexual contact, such as an offender: showing nude photos to a child, *State v. White*, 105 N.J. Super. 234, 237 (App. Div. 1969); being nude in a window where he could be seen by children, *State v. Hackett*, 323 N.J. Super. 460, 472 (App. Div. 1999), *aff'd as modified*, 166 N.J. 66 (2001); engaging in a telephone conversation with children about their private parts, oral sex, and other similar topics, *State v. Maxwell*, 361 N.J. Super. 502, 517-18 (Law Div. 2001), *aff'd o.b.*, 361 N.J. Super. 401 (App. Div. 2003); offering to pay children to report their sexual activities, *State v. McInerney*, 428 N.J. Super. 432, 451 (App. Div. 2012); and asking a child to send a photo of her breasts, *State v. Johnson*, 460 N.J. Super. 481, 494-95 (Law Div. 2019).

*Id.*

The District Court of New Jersey has further emphasized with respect to § 2C:24-4(a)(1) that "the *Hackett* Court made clear that the determination of whether . . . conduct would impair or debauch the morals of a child in the community 'is well within the abilities of the average jury, and allows the jury to fulfill its role as arbiter of community standards when applying the laws of our State.'" *Telzer v. Borough of Englewood Cliffs*, No. 13-4306, 2018 WL 1757026, at *9 (D.N.J. Apr. 12, 2018), *aff'd*, 783 F. App'x 253 (3d Cir. 2019).

Plaintiff's conclusory allegations that the statute "unclearly proscribes seeking consensual sexual contact with young women under 18, but over 16," (Compl. at 13), and that there is "no definition" for "impair or debauch" found within the statute, (*id.* at 3), along with his further haphazard copying of quotes from an assortment of cases, statutes, and the Model Penal Code without context, (*see id.* at 6–13), do not rise to the level of alleging that § 2C:24-4(a) fails to provide adequate notice to an ordinary person as to what conduct the statute prohibits. Indeed, as the Court explained above, both state and federal courts have noted the opposite to be true. *See Hackett*, 166 N.J. at 81–82; *Telzer*, 2018 WL 1757026, at *9.

With respect to his remaining claims challenging the constitutionality of § 2C:24-4(a), Plaintiff fails to state a claim. *First*, Plaintiff argues that because he "fear[s] prosecution" and a classification as a sex offender, § 2C:24-4(a) "has chilled his protected right to seek sexual partners

7

aged 16–18 and violates his First Amendment rights." (Compl. at 13–14.) However, "[t]here is no First Amendment right to persuade minors to engage in illegal sex acts." *United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006). *Second*, Defendant argues that the statute burdens his right to travel and violates the Dormant Commerce Clause because he "should not fear travelling with sixteen and seventeen-year-old young women [in] New Jersey and engaging in consensual sex." (Compl. at 14.) However, Plaintiff does not explain how his right to travel is impacted by a sex crimes statute, and further, provides no support for a Dormant Commerce Clause violation, which would necessarily require a plausible showing of "substantial harm to interstate commerce." *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 385 (2023). *Finally*, Plaintiff's single, conclusory statement that his Fourteenth Amendment right to privacy is violated by § 2C:24-4(a), (Compl. at 14), is completely unsupported by any further allegations in the Complaint. Thus, because Plaintiff's Complaint fails to state any claim upon which relief can be granted, it is **DISMISSED**.

**THEREFORE**, it is on this 18th day of December, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED**;
3. Defendants shall not be served;
4. The Clerk shall administratively **CLOSE** this case;
5. In the event that Plaintiff seeks to have the above-entitled case reopened, he has thirty (30) days from the date of the entry of this Order to file an amended complaint;
6. If Plaintiff does not file an amended complaint within thirty (30) days of the date of entry of this Order, the Complaint will be dismissed with prejudice;

7. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New York and the Administrator of FCI Otisville;

8. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the Court's dismissal as a result of its *sua sponte* screening; § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

9. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

10. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and

11. The Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail at his address on record.

                                    **ROBERT KIRSCH**
                                    **UNITED STATES DISTRICT JUDGE**